# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH BRIAN JIMENEZ, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 12-2196 |
| | : | |
| BRIAN COLEMAN, et al., | : | |
| Respondents. | : | |

Henry S. Perkin, M.J.                                                 March 15th, 2013

## REPORT AND RECOMMENDATION

Presently before the Court is the *pro se* Petition for Writ of Habeas Corpus by the Petitioner, Joseph Brian Jimenez ("Petitioner"), pursuant to 28 U.S.C. section 2254. Petitioner is incarcerated in the State Correctional Institution Fayette at LaBelle, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be denied and dismissed with prejudice and without an evidentiary hearing.

**I.**      **PROCEDURAL HISTORY.**

On May 1, 1999, Petitioner and Scott Riley ("Mr. Riley"), his friend, were in an alley behind a home in Montgomery County after drinking and playing "beer pong." Petitioner, who was not licensed to carry a firearm, pointed a .40 caliber gun at Mr. Riley and cocked the weapon. The gun fired and struck Mr. Riley in the neck. Petitioner unsuccessfully attempted to render aid to Mr. Riley and called 911. Petitioner was arrested at the scene.

On July 20, 2009, Petitioner and his counsel signed a guilty plea to third degree murder and carrying a firearm without a license, which was filed on July 23, 2009 following an on-the-record colloquy. He was sentenced in the Court of Common Pleas of Montgomery

County by the Hon. William R. Carpenter on September 30, 2009 to fifteen to thirty years' imprisonment, which was in the standard range of sentencing guidelines. At the sentencing, Judge Carpenter cited as the basis for the sentence the impact of Mr. Riley's death on his family and child, Petitioner's juvenile record and other factors in the pre-sentence report. Through counsel, Petitioner moved to modify the sentence on October 13, 2009. On October 14, 2009, Petitioner filed a *pro se* motion for reconsideration of sentence. The trial court denied both motions.

On November 12, 2009, Petitioner filed a timely *pro se* notice of appeal in the Superior Court of Pennsylvania, raising the issues that his sentence was manifestly excessive and unreasonable and that the court failed to consider in mitigation that he had no ill will toward Mr. Riley, he attempted to save Mr. Riley and Mr. Riley's mother believed that the shooting was an accident. The Superior Court affirmed the judgment of sentence on June 30, 2010 on the basis that Petitioner's allegation that the trial court failed to consider mitigating factors did not raise a substantial question and the court could not review Petitioner's claim. *Commonwealth v. Jimenez*, 4 A.3d 703 (Pa. Super. June 30, 2010)(unpublished mem.). The Superior Court stated:

> Appellant raises one question on appeal, claiming his sentence was manifestly excessive. Appellant argues that the sentence is unreasonable, as the court failed to consider in mitigation that he had no ill will towards the victim and attempted to save him, and that the victim's mother believed the shooting was an accident.
> A challenge to the discretionary aspects of sentencing is not guaranteed appellate review. **Commonwealth v. Pass**, 914 A.2d 442, 445-46 (Pa. Super. 2006). In an appeal challenging the discretionary aspects of sentencing, the appellant must provide pursuant to Pa.R.A.P. 2119(f) a concise statement of reasons for allowance of appeal. *Id.* at 446. The concise statement of reasons must include a substantial question that the sentence violates a specific provision of the Sentencing Code or a fundamental norm of the sentencing process. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)*(citing*

> ***Commonwealth v. Sierra***, 752 A.2d 910, 912-13 (Pa. Super. 2000)). The alleged failure to consider certain mitigating factors generally does not raise a substantial question. ***Moury, supra*** at 171.
>
> Here, Appellant has complied with the first requirement for preserving his appeal: he has included a statement seeking allowance to appeal in accordance with Pa.R.A.P. 2119(f). However, Appellant's allegation that the trial court failed to consider mitigating factors does not raise a substantial question. ***See Id.*** Therefore, we may not review Appellant's claim.
>
> Moreover, even if the issue were before us, we would find no relief is due. A challenge to the discretionary aspects of sentencing is reviewed under an abuse of discretion standard to determine if the sentence is manifestly excessive. ***Id.*** at 169-170. Sentencing is entrusted to the trial court, and its rationale should not be disturbed absent evidence of bias or partiality. ***Id.*** at 170. Additionally, when the trial court has the benefit of a pre-sentence report, it is presumed that the court has relied upon the report in considering all factors involved and has come to a reasoned decision. ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. Super. 1988).
>
> Here, the trial court did consider the Appellant's remorse for his actions and his attempt to save the victim, as well as the accidental nature of the shooting. (N.T., Sentencing, 9/30/09, at 75, 77). However, the court weighed these factors against others, such as the impact of the victim's death on his child. (***Id.*** at 78). The trial court also addressed Appellant's potential for rehabilitation by noting that he had a juvenile record, had previously been on probation, "and had notice of what can happen through criminal behavior." (***Id.*** at 76). Accordingly, we would not find this sentence constituted an abuse of discretion.

Id.; Resp., Ex. A, pp. 2-4. It is not apparent that Petitioner appealed this decision to the Pennsylvania Supreme Court.

On January 29, 2011, Petitioner filed a timely *pro se* petition for collateral relief pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541, *et seq.* The claims in that petition included: ineffective assistance of counsel and an unlawfully induced plea. On February 9, 2011, the court appointed the Public Defender's Office to represent petitioner. On April 8, 2011, PCRA counsel surmised that all of the issues raised in the PCRA petition lacked merit and submitted a no merit letter and a motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213,

3

215 (Pa. Super. 1988). In accordance with Pa. R. Crim. P. 907, the PCRA court issued a twenty-day dismissal notice on April 8, 2011, in which petitioner was advised of his right to file a response to the proposed dismissal. No response was filed. On July 15, 2011, the PCRA court accepted counsel's "no merit" letter, permitted counsel to withdraw, and dismissed the PCRA petition without a hearing.

Petitioner filed a timely *pro se* notice of appeal with the Superior Court, raising the following issue for appeal:

> Whether [Appellant] did not knowingly, intelligently and voluntarily enter pleas of guilty . . . absent a factual basis for the offense of third[-]degree murder and the courts [sic] failure to elucidate the elements of the offense of firearm not to be carried without a license and trial counsel ineffectively failed to object, raise this issue in post[-]verdict motions or on direct appeal and PCRA counsel ineffectively filed a "no-merit" letter rather than raise this issue in an amended PCRA petition?

*Commonwealth v. Jimenez*, No. 2220 EDA 2011, p. 2 (Feb. 22, 2012)(Unpub. Mem.). The Superior Court recognized that petitioner raised only this one issue, but the issue essentially encompassed several claims, including: (1) his plea of guilty to the offense of third-degree murder was not knowing, intelligent and voluntary because he was not informed of the factual basis for that offense; (2) his guilty plea to the offense of carrying a firearm without a license was not knowing, intelligent and voluntary because certain elements of that offense were not disclosed to him; (3) his guilty plea counsel was ineffective for not objecting to these deficiencies in his plea; (4) the evidence established that the shooting was an accident and, thus, it was insufficient to support his plea to the crime of third-degree murder; and (5) his PCRA counsel was ineffective for filing a petition to withdraw instead of an amended petition asserting the above-stated claims. *Id.* at 2-3. On February 22, 2012, the Pennsylvania Superior Court affirmed

4

the order of the PCRA court denying relief. *Id.* at 8.

Petitioner signed the instant Petition on April 9, 2012 and it was filed by the Clerk of Court on April 23, 2012.[1] The Petition contains the following claims: (1) ineffective assistance of trial counsel; (2) violation of Petitioner's Fifth Amendment right to a knowing, intelligent and voluntary plea to third-degree murder; and (3) failure to elucidate the elements of the offense of firearm not to be carried without a license. Pet., pp. 8, 10, 12, Mem. Law in Supp. Pet. The case was assigned to the Honorable Michael M. Baylson, who referred it for preparation of a Report and Recommendation on June 18, 2012. On June 21, 2012, the undersigned entered an Order directing that the Clerk of Quarter Sessions/Office of Judicial Support for the Court of Common Pleas of Philadelphia County forward copies of all records, including transcripts of notes of testimony at arraignment, pre-trial and suppression hearings, trial, sentencing, and post-conviction hearings and appeals; all trial and appellate briefs and petitions, all pleadings, and all court opinions of proceedings in connection with this matter. The state court record was received in Chambers on June 25, 2012. On September 5, 2012, Respondents filed a Response to the Petition. Having reviewed the documents of record in this case, as well as the state court record, we offer this Report and Recommendation.

## II. DISCUSSION.

### A. PETITIONER'S CLAIM THAT HIS GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY.

Petitioner contends that his guilty plea was not knowing, intelligent, and voluntary

---

[1] Pursuant to the prison mailbox rule, this Court will consider the date of filing as April 9, 2012. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1997) (motion is deemed timely filed on date petitioner gave petition to prison officials to mail).

5

because there was a lack of a factual basis for his plea to third degree murder and a lack of the elucidation of the elements of the firearm offense to support his plea. *See* Pet. at 10, 12; Mem. Law in Supp. Pet., pp. 7-15. Respondents contend that this claim is procedurally defaulted under the independent and adequate state law doctrine pursuant to the Pennsylvania Superior Court's decision in which the court found that these claims were waived because they were not presented on direct appeal. Petitioner states, in his Reply brief, that the Superior Court's decision did not rest on an independent and adequate state rule because the Superior Court addressed the merits of this claim, therefore the Respondents' assertion lacks merit.

The Superior Court examined this issue in the context of its exploration of ineffective assistance of counsel, stating:

> We begin by noting that our standard of review regarding an order denying post-conviction relief under the PCRA is whether the determination of the court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).
> Moreover, "[t]o be entitled to PCRA relief, a petitioner must plead and prove, inter alia, that the allegation of error has not been previously litigated or waived." **Commonwealth v. Turetsky**, 925 A.2d 876, 879 (Pa. Super. 2007), *appeal denied*, 940 A.2d 365 (Pa. 2007) (quoting **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 917 A. 2d 844 (Pa 2007)) "An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." *Id.* (quoting **Berry**, 877 A.2d at 482); *see also* 42 Pa.C.S. 9544(b)("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding").
> Here, Appellant's claim that his guilty plea was not knowing, intelligent, and voluntary because the court failed to set forth sufficient facts to support the third-degree murder charge, and because the court did not elucidate the elements of the crime of carrying a firearm without a license, could have been raised on

6

direct appeal. Therefore, we conclude that these assertions are waived. ***Turetsky***, 925 A.2d at 878-79 (finding the petitioner waived his claim that his guilty plea was not knowing, intelligent, and voluntary because he could have raised that issue on direct appeal).

Nevertheless, we are compelled to address these two assertions in evaluating Appellant's claim that his guilty plea counsel was ineffective for not objecting to these alleged deficiencies in his guilty plea colloquy. This Court has explained:

. . . .

At the oral plea colloquy, the following factual basis for the offense of third-degree murder was set forth during the following exchange:

> [Appellant's Counsel]: [Appellant], you are also admitting by pleading guilty that on Friday, May 1, in Bridgeport Borough of Montgomery County, you were in an alleyway on West Second Street and you were in possession of a silver Taurus .40 caliber gun, and that in that alleyway was Scott Riley, and you had that gun out, pointed towards Scott Riley and cocked it, and that gun went off and struck Scott Riley in the neck, and it was because of that shot that he died; is that true?
>
> [Appellant]: Yes.
>
> . . . .
>
> [The Commonwealth]: [Appellant], at the time that you pointed that gun at Scott Riley, you knew that it was loaded, right? You knew there were bullets in that gun?
>
> [Appellant]: Yes, sir.

N.T. Guilty Plea Hearing, 7/23/09, at 11. The PCRA court concluded that this was a sufficient factual recitation to validate Appellant's plea, and we agree. *See **Commonwealth v. Stenhouse***, 788 A.2d 383, 384 (Pa. Super. 2001)("[B]efore accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea."). Therefore, Appellant has not established that his guilty plea to third-degree murder was involuntary . . .

. . . .

The crime of carrying a firearm without a license is defined as follows: "[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed

7

place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). Here, at Appellant's plea colloquy, the Commonwealth asked him, "when you were carrying that gun that night in Montgomery County, you didn't have a license to carry it, correct?" N.T, Guilty Plea Hearing, 7/23/09, at 12. Appellant responded, "No, I did not." *Id.* Appellant contends that this was an insufficient recitation of the elements of the crime because the Commonwealth did not explain that to be guilty of the offense, Appellant must have been carrying the firearm at a location other than "his place of abode or fixed place of business." 18 Pa.C.S. § 6106(a)(1).

Again, we conclude that this claim lacks arguable merit. First, Appellant acknowledged at the guilty plea hearing that he carried a gun without having a license to do so, which satisfies the basic elements of the offense to which he pled guilty. Furthermore, in his written guilty plea colloquy, Appellant indicated that he was aware of the elements of carrying a firearm without a license, stating that his "attorney explained to [him] all the things that a person must have done to be guilty of the crime or crimes to which [he was] pleading guilty." Guilty Plea Colloquy, 7/23/09, at 3. Therefore, his claim that his guilty plea was involuntary lacks arguable merit.

Furthermore, even if his assertion had arguable merit, Appellant has also failed to establish that he was prejudiced. Appellant does not contend that he was in his "place of abode or fixed place of business" at the time of the shooting. Therefore, the omission of this element during his oral guilty plea colloquy did not impact the validity of Appellant's plea.

. . . .

In his fourth argument, Appellant essentially avers that the evidence was insufficient to support his plea of guilty for the offense of third-degree murder because the shooting was an accident. We are compelled to conclude that this argument is waived. Not only could Appellant have raised this claim on direct appeal, but it is also waived because Appellant entered a guilty plea to third-degree murder. As pointed out by the Commonwealth, "after a defendant has entered a plea of guilty, the only cognizable issues in a post[-]conviction proceeding are the validity of the plea of guilty and the legality of the sentence." ***Commonwealth v. Rounsley***, 717 A.2d 537, 538 (Pa. Super. 1998) (citation omitted). "It is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea and is not subject to attack in a post[-]conviction proceeding." *Id.*(citation omitted). Accordingly, this assertion is waived.

*Commonwealth v. Jimenez*, No. 2220 EDA 2011, pp. 3-9 (Pa. Super. 2/22/12); Resp., Ex. AA.

8

It is well-settled that a federal habeas court will not review an issue of federal law where the petitioner presented the claim to the state courts in a manner that precluded review on the merits because petitioner failed to comply with a state procedural requirement, and the decision of the state court refusing to consider the merits rests on a state law ground that is "independent of the federal question and adequate to support the judgment." *Lambrix v. Singletary*, 227 S. Ct. 1517, 1523 (1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see Sistrunk v. Vaughn*, 96 F.3d 666, 673 (3d Cir. 1996)("if the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed"). Here, petitioner presented his claims of an unknowing, unintelligent, and involuntary plea to the Pennsylvania Superior Court.

The Superior Court's finding here was a straightforward application of the PCRA's waiver provisions, and this holding is an independent and adequate state ground for the state court decision. *See Coleman*, 501 U.S. at 749-752 (describing "the important interests served by state procedural rules" and "the harm to the States that results when federal courts ignore these rules"). Indeed, the federal courts in this Circuit have consistently and repeatedly held that the PCRA default provisions—its prohibition against previously litigated and waived claims—are independent and adequate state grounds barring federal habeas review. *See, e.g., Lines v. Larkins*, 208 F.3d 153, 164–66 (3d Cir. 2000), *cert. denied*, 531 U.S. 1082 (2001); *Sistrunk v. Vaughn*, 96 F.3d at 674–75; *Belle v. Varner*, 2001 WL 1021135, (E.D. Pa. Sep. 5, 2001) (non-precedential).

Because the PCRA's waiver rule provision is both independent and adequate, petitioner

9

has procedurally defaulted this claim. He is, accordingly, not entitled to federal habeas review unless he can meet his burden of establishing "cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Harris v. Reed,* 489 U.S. 255, 260-63 (1989); *Morris v. Horn*, 187 F.3d 333, 342 (3d Cir. 1999). He cannot do so.

Notably, petitioner does not even acknowledge his procedural default, let alone allege cause and prejudice to excuse it. For this reason alone, the default must stand. *See Teague v. Lane*, 489 U.S. 288, 298 (1989)(holding petitioner's failure to allege cause for his default precluded federal habeas review of a defaulted claim). Further, he has not even attempted to show that a miscarriage of justice would occur from a failure to consider the defaulted claim. *See Schlup*, 513 U.S. at 327 (providing that "miscarriage of justice" exception requires petitioner to come forward with new evidence of actual innocence). Because petitioner has not alleged (and cannot establish) cause and prejudice or a miscarriage of justice to excuse the default, federal review of this claim is unavailable. *See Coleman*, 501 U.S. at 750.

## II. WHETHER PETITIONER'S INEFFECTIVENESS CLAIM WAS REASONABLY DENIED.

Petitioner's next claim is that his trial counsel was ineffective for failing to object to the lack of a factual basis for his plea to third-degree murder, and/or failing to file a motion to withdraw his plea based on the allegedly deficient factual basis. Pet. at 10; Mem. Law at 9, 14-16. The Respondents contend that this claim fails because the state courts reasonably applied *Strickland* in denying relief.

Petitioner raised this issue in his *pro se* PCRA petition and then later on appeal. Following the filing of the *pro se* PCRA petition, Petitioner's appointed PCRA counsel filed a *Finley* letter, which the PCRA court granted. On PCRA appeal, the Superior Court of Pennsylvania denied this ineffective assistance of counsel claim on the merits, explaining as follows:

> Nevertheless, we are compelled to address these two assertions in evaluating Appellant's claim that his guilty plea counsel was ineffective for not objecting to these alleged deficiencies in his guilty plea colloquy. This Court has explained:
>
>> A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.
>>
>> We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>>
>> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.
>
> **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006)(citations and quotation marks omitted).
>
> Instantly, Appellant avers that his trial counsel was ineffective for permitting him to enter an involuntary guilty plea to the offense of third-degree murder where "neither defense counsel, the Commonwealth[,] nor the court elicited facts surrounding the shooting which [A]ppellant intended to admit by

11

entry of his plea." Appellant's Brief at 8. This claim lacks arguable merit. At the oral plea colloquy, the following factual basis for the offense of third-degree murder was set forth during the following exchange:

> [Appellant's Counsel]: [Appellant], you are also admitting by pleading guilty that on Friday, May 1, in Bridgeport Borough of Montgomery County, you were in an alleyway on West Second Street and you were in possession of a silver Taurus .40 caliber gun, and that in that alleyway was Scott Riley, and you had that gun out, pointed towards Scott Riley and cocked it, and that gun went off and struck Scott Riley in the neck, and it was because of that shot that he died; is that true?
>
> [Appellant]: Yes.
>
> . . .
>
> [The Commonwealth]: [Appellant], at the time that you pointed that gun at Scott Riley, you knew that it was loaded, right? You knew there were bullets in that gun?
>
> [Appellant]: Yes, sir.

N.T. Guilty Plea Hearing, 7/23/09, at 11. The PCRA court concluded that this was a sufficient factual recitation to validate Appellant's plea, and we agree. ***See Commonwealth v. Stenhouse***, 788 A.2d 383, 384 (Pa. Super. 2001)("[B]efore accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea."). Therefore, Appellant has not established that his guilty plea to third-degree murder was involuntary and, as such, his claim that his counsel was ineffective for permitting him to enter that plea lacks arguable merit.

Next, Appellant claims that his counsel was ineffective for allowing him to enter an involuntary plea to carrying a firearm without a license where the court failed to clarify all of the elements of that offense. The crime of carrying a firearm without a license is defined as follows: "[A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1). Here, at Appellant's plea colloquy, the Commonwealth asked him, "when you were carrying that gun that night in Montgomery County, you didn't have a license to carry it, correct?" N.T, Guilty Plea Hearing, 7/23/09, at 12. Appellant responded, "No, I did not." ***Id.*** Appellant contends that this was an insufficient recitation of the elements of the crime because the Commonwealth did not explain that to be guilty of the offense, Appellant must have been carrying the firearm at a location other than "his place

of abode or fixed place of business." 18 Pa.C.S. § 6106(a)(1).

Again, we conclude that this claim lacks arguable merit. First, Appellant acknowledged at the guilty plea hearing that he carried a gun without having a license to do so, which satisfies the basic elements of the offense to which he pled guilty. Furthermore, in his written guilty plea colloquy, Appellant indicated that he was aware of the elements of carrying a firearm without a license, stating that his "attorney explained to [him] all the things that a person must have done to be guilty of the crime or crimes to which [he was] pleading guilty." Guilty Plea Colloquy, 7/23/09, at 3. Therefore, his claim that his guilty plea was involuntary lacks arguable merit.

Furthermore, even if his assertion had arguable merit, Appellant has also failed to establish that he was prejudiced. Appellant does not contend that he was in his "place of abode or fixed place of business" at the time of the shooting. Therefore, the omission of this element during his oral guilty plea colloquy did not impact the validity of Appellant's plea. As such, Appellant was not prejudiced by his counsel's permitting him to plead guilty to this offense.

In his fourth argument, Appellant essentially avers that the evidence was insufficient to support his plea of guilty for the offense of third-degree murder because shooting was an accident. We are compelled to conclude that this argument is waived. Not only could Appellant have raised this claim on direct appeal, but it is also waived because Appellant entered a guilty plea to third-degree murder. As pointed out by the Commonwealth, "after a defendant has entered a plea of guilty, the only cognizable issues in a post[-]conviction proceeding are the validity of the plea of guilty and the legality of the sentence." ***Commonwealth v. Rounsley***, 717 A.2d 537, 538 (Pa. Super. 1998) (citation omitted). "It is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea and is not subject to attack in a post[-]conviction proceeding." ***Id.***(citation omitted). Accordingly, this assertion is waived.

In his fifth and final argument, Appellant maintains that his PCRA counsel was ineffective for filing a petition to withdraw instead of an amended PCRA petition on Appellant's behalf. Again, this claim is waived, as Appellant failed to raise this issue before the PCRA court. After Appellant's counsel filed a petition to withdraw and sent Appellant a "no-merit" letter, the PCRA court issued an order notifying Appellant of its intent to dismiss his petition and granting counsel's request to withdraw. This order provided Appellant 20 days to respond and raise his claim of PCRA counsel's ineffectiveness, but Appellant failed to do so. Accordingly, he has not preserved this issue for our review. *See* ***Commonwealth v. Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009)(finding petitioner waived his challenge to PCRA counsel's effectiveness where petitioner could have raised that issue after receiving counsel's withdrawal letter and the notice of the PCRA court's Rule 907 notice, yet he failed to do so); ***Commonwealth v. Ousley***, 21 A.3d 1238, 1245 (Pa. Super. 2011)(concluding that ***Pitts*** prohibited

review of the petitioner's challenge to PCRA counsel's effectiveness where petitioner could have raised that claim when the matter was still before the PCRA court).Fn1

Order affirmed.

Fn1 Nevertheless, we note that even had Appellant preserved this assertion, it would not be a basis for granting him post-conviction relief. For the reasons stated *supra*, each of the issues Appellant raised in his PCRA petition were either waived or meritless. Therefore, we would not deem PCRA counsel ineffective for petitioning to withdraw instead of filing an amended petition on Appellant's behalf.

*Commonwealth v. Jimenez,* No. 2220 EDA 2011 (Pa. Super. Feb. 22, 2012), pp. 3-9; Resp., Ex. AA. Petitioner makes the same ineffective assistance of counsel arguments here as he did in state court.

Claims for ineffectiveness of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984).[2] Under *Strickland*, counsel is presumed effective, and to prevail on an ineffectiveness claim, a petitioner must first prove that counsel's conduct was so unreasonable that no competent lawyer would have followed it, and that counsel has "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In addition, a petitioner must prove prejudice. In order to do so, the petitioner must demonstrate that "counsel's errors were so serious as to deprive [petitioner] a fair trial, a trial whose result is reliable." *Id.* Thus, a petitioner must show a reasonable probability that, but for counsel's "unprofessional errors, the result of the proceeding would have been

---

[2] In *Harrington v. Richter*, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011), the United States Supreme Court reaffirmed the continued applicability of the *Strickland* standard in federal habeas corpus cases. *See also Premo v. Moore*, 131 S. Ct. 733, 178 L. Ed. 2d 649 (2011).

14

different. A reasonable probability is sufficient to undermine confidence in the outcome." *Id.* at 694. This determination must be made in light of "the totality of the evidence before the judge or jury." *Id.* at 695. The United States Court of Appeals for the Third Circuit has cautioned that "[o]nly the rare claim of ineffectiveness should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *Beuhl v. Vaughn*, 166 F.3d 163, 169 (3d Cir.), *cert. denied*, 527 U.S. 1050 (1999) (*quoting U.S. v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989)). Under the revised habeas corpus statute, such claims can succeed only if the state court's treatment of the ineffectiveness claim is not simply erroneous, but objectively unreasonable as well. *Berryman v. Morton*, 100 F.3d 1089, 1103 (3d Cir. 1996). The Supreme Court has acknowledged that "[s]urmounting *Strickland*'s high bar is never an easy task." *Premo v. Moore*, 131 S. Ct. 733, 739 (2011) (quotation omitted). The Supreme Court explained that the relevant "question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.* at 740 (citing *Strickland*, 466 U.S. at 690).

Where the state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the previous decision, pursuant to 28 U.S.C. § 2254(d)(1). If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). *Vega v. Klem*, No. CIV.A. 03-5485, 2005 WL 3216738, at *6 (E.D. Pa. Nov. 29, 2005)(citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-405 (2000); *Fountain v. Kyler*, 420 F.3d 267, 272-273 (3d Cir. 2005)). Where the state court's application of

15

governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4, 124 S. Ct. 1 (2003)(*per curiam*)(citations omitted).

In the present case, the record demonstrates that counsel cannot be deemed ineffective for failing to pursue a meritless claim. Accordingly, we conclude that Petitioner has not identified any decision of the trial court or the appellate court which is contrary to, or an unreasonable application of, Sixth Amendment jurisprudence. Petitioner, therefore, does not meet his burden of proving ineffective assistance of counsel on this claim.

### III. CERTIFICATE OF APPEALABILITY.

If the Court dismisses Petitioner's claims, he can only obtain a certificate of appealability if he makes "a substantial showing" that he was denied a constitutional right. 28 U.S.C.A. § 2253© (West 2006). If the Court rejects his claims on the merits, he must show that reasonable jurists would find the Court's assessment of them debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner's claims both lack merit and no reasonable jurist could conclude otherwise, therefore any certificate of appealability should be denied.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this     15th     day of March, 2013, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) should be DENIED and the Petition should be DISMISSED with prejudice.  There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ Henry S. Perkin
HENRY S. PERKIN
United States Magistrate Judge