IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH BRIAN JIMENEZ,<br>Plaintiff,<br><br>v.<br><br>BRIAN COLEMAN, etal.,<br>Defendants. | CIVIL ACTION<br><br><br><br><br><br>NO. 12-2196 |

ORDER
APPROVING AND ADOPTING THE REPORT AND RECOMMENDATION
AND DENYING THE PETITION FOR HABEAS CORPUS WITH PREJUDICE

AND NOW, this 2nd day of August 2013, upon independent consideration of Petitioner's Petition for Writ of Habeas Corpus, the Response thereto, and after review of the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin and Petitioner's Objections[1] thereto it is hereby **ORDERED** that:

---

[1] Petitioner raised two objections:

1. That Magistrate Judge Perkin erred regarding petitioner's claim that petitioner's guilty plea was not knowing, intelligent, and voluntary, because Magistrate Judge Perkin erroneously concluded that review by this Court was foreclosed because the state court decision from which Petitioner sought relief rested on the adequate and independent state ground of waiver under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541, et seq.

Petitioner contends that the Pennsylvania Superior Court improperly raised the issue sua sponte.

Petitioner is incorrect: it is well established that the issue of waiver may be raised sua sponte by the Superior Court, regardless of whether the issue was "raised by the Commonwealth or the PCRA court." Commw. of Pa. v. Davis, 573 A.2d 1101, 1105 (Pa. Super. Ct. 1990) (citing Commw. of Pa. v. Flynn, 442 A.2d 256, 259-60 (Pa. Super Ct. 1982)), appeal denied, 589 A.2d 688 (Pa. 1991).

1. The R&R is APPROVED and ADOPTED;

2. That Magistrate Judge Perkin erred is his recommendation that pursuant to 28 U.S.C. § 2254(d)(1), the Court must defer to the prior Pennsylvania state court determination that Petitioner's ineffective assistance of counsel claim is meritless.

Petitioner contends that, under Third Circuit case law, his plea colloquy for the charge of third degree murder was factually deficient because:

    a. During the colloquy the judge stated that Plaintiff had loaded the gun with which he shot the victim, but there was no testimony to support that fact; and

    b. Testimony at Petitioner's sentencing indicated that the shooting was accidental.

According to Petitioner, his attorney should have objected to and sought withdrawal of his guilty plea based on the alleged factual deficiency of his plea colloquy, and the failure to do so constitutes ineffective assistance of counsel.

However, Petitioner does not even attempt to demonstrate how the record is insufficient to establish the elements of third degree murder in Pennsylvania. In Pennsylvania, third degree murder does not require that the killing be intentional, recklessness is sufficient. Commw. of Pa. v. Truong, 36 A.3d 592 (Pa. Super Ct. 2012); Commw. of Pa. v. Devine, 26 A.3d 1139 (Pa. Super Ct. 2011). And the Court cannot divine the relevance of testimony, or lack thereof, that Petitioner loaded the gun in question: Petitioner does not argue that he was unaware that the gun was loaded at the time of the fatal shooting.

Furthermore, Petitioner misunderstands and fails to address the basis for Magistrate Judge Perkin's recommendation. As clearly stated in the R&R, "[w]here the state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the previous decision, pursuant to 28 U.S.C. § 2254(d)(1)," and may grant habeas relief only "if the decision was 'contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.'" (R&R at 15 (quoting 28 U.S.C. § 2254(d)(1), other citations omitted).)

Even assuming that Petitioner is correct that under Third Circuit law, his attorney could have objected to and sought withdrawal of his guilty plea, Petitioner offers no basis for concluding that the Third Circuit law on which he relies meets the standard for habeas relief set forth in 28 U.S.C. § 2254(d)(1).

Accordingly, the Court finds no basis for concluding that Magistrate Judge Perkin erred in recommending deference to the state court's previous rejection of Petitioner's ineffective assistance of counsel claim.

2. The Petition for Writ of Habeas Corpus is DENIED with prejudice and DISMISSED without an evidentiary hearing; and

3. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

MICHAEL M. BAYLSON, U.S.D.J.

O:\Matt12\12cv2196 - Jimenez v. Coleman\12cv2196.Order Adopting RR.docx